**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

LIVAN FERNANDEZ,

Plaintiff,

vs.                                                    Case No.:

SOHO HOUSE BEACH
HOUSE, LLC,

Defendant.

_____/

**COMPLAINT**
**Collective Action Complaint**

1. Plaintiff, Livan Fernandez ("Plaintiff"), was an employee of Defendant Soho House Beach House, LLC , ("Defendant"), and bring this action on behalf of himself and other similarly situated employees of the Defendant for overtime compensation, unpaid minimum wage compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and Article X, Section 24 of the Florida Constitution.

2. This action is intended to include each and every employee who was subject to the Defendant's unlawful pay practices by its failing to properly pay overtime wages and Defendant's tip credit pay scheme within the past three (3) years.

3. Plaintiff has retained the Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

1

## JURISDICTION

4.   Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by the FLSA.

5.   The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law.

6.   Defendant is a luxurious hotel and resort on Miami Beach, Florida.   Therefore, venue is proper in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

7.   At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

8.   At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9.   At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

10. Based upon information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto.   Alternatively,

the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

11. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those similarly situated employees performed services and labor for the Defendant for which the Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled..

12. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who performed duties similar to that of Plaintiff and have worked in excess of Forty (40) hours during one or more work weeks on or after February 2009, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

## FACTUAL ALLEGATIONS

13. Defendant operates a luxurious beach-front resort situated on Collins Avenue in Miami Beach, Florida.

14. Plaintiff Livan Fernandez, worked for the Defendant as a Bar-back and Busser from approximately September 2010, through May 2011.

15. Plaintiff, and those similarly situated employees, were paid an hourly rate plus tips.

16. Defendant attempted to pay this group of employees a reduced gross hourly wage pursuant to §3(m) of the Act.

17. Plaintiff was required to share his tips with other tipped employees.

18. Plaintiff was required to share his tips with other non-tipped employees.

19. Defendant required that Plaintiff, and those similarly situated, to perform non

3

tipped work, at a reduced hourly wage.

20. Defendant took illegal tip deductions from Plaintiffs and those similarly situated to them in violation of the Act.

21. Defendant has employed and is employing other individuals as Plaintiff who perform(ed) the same or similar job duties under the same pay provision as Plaintiff.

22. Based upon the information preliminarily available, and subject to discovery in this cause, Plaintiff worked approximately forty-five (45) hours per work-week while employed by the Defendant.

23. Plaintiff clocked in and out each day, however, Plaintiff was required to perform "off the clock" work on behalf of Defendant.

24. Additionally, Defendant would deduct approximately thirty (30) minutes each day for lunch, however, Plaintiff was required to work through his lunch periods.

25. Finally, Defendant did not compensate Plaintiff for his final week of employment.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1- 25 above.

27. Plaintiff, and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.   During their employment with Defendant, Plaintiffs, and those similarly situated, regularly work(ed) off the clock overtime hours but were not paid time and one half compensation for same.

28. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay

Plaintiff, and those similarly situated employees, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

### COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

31. Plaintiff, and those similarly situated employees, are/were entitled to be paid minimum wage for each hour worked during employment with Defendant.

32. As a result of Defendant's actions in this regard, Plaintiff, and those similarly situated employees, have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant, because their hourly wages were reduced below the applicable Federal minimum wage requirement.

33. Defendant willfully failed to pay Plaintiff, and those similarly situated employees, minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

34. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

## COUNT III - RECOVERY OF MINIMUM WAGES (STATE LAW)

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

36. Plaintiff, and those similarly situated employees, are/were entitled to be paid minimum wage for each hour worked during employment with Defendant.

37. As a result of Defendant's actions in this regard, Plaintiff, and those similarly situated employees, have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant, because their hourly wages were reduced below the applicable State minimum wage requirement.

38. Defendant willfully failed to pay Plaintiff, and those similarly situated employees, minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

39. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

## COUNT V-FLORIDA UNPAID WAGES VIOLATIONS

40. Plaintiff realleges, and incorporate here by reference, all allegations contained in Paragraphs 1 through 25 above.

40. Plaintiff has fully earned his wages and is entitled to payment.

41. Defendant has failed to pay Plaintiff the wages he fully earned and are now owed.

## DEMAND FOR JURY TRIAL

42. Plaintiff demands trial by jury as to all issues so triable.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for:

a) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate him/them;

b) The payment of all hours at applicable minimum wage rates;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Any and all further relief that this Court determines to be appropriate.

f) WHEREFORE, Plaintiff respectfully prays for judgment in the amount of his unpaid wages plus interest and reasonable attorneys' fees and costs pursuant to §448.08, Fla. Stat., and such other relief as this Court deems just and proper.

Dated:  February 20, 2012                          Respectfully submitted,

s/ Andrew I. Glenn_____
Andrew I. Glenn, Esq.
E-mail:  AGlenn@JaffeGlenn.com
Florida Bar No.:  577261
Jonathan S. Minick
E-Mail:  JMinick@JaffeGlenn.com
Florida Bar No.:  0088743
Jaffe Glenn Law Group, P.A.
12000 Biscayne Blvd.
Suite 707
Miami, Florida 33181
Telephone: (866) 216-4124
Facsimile: (305) 726-0046
Attorneys for Plaintiff